FILED
AUG 18 2009
BRIAN M. FLYNN
DEPUTY CLERK
CLAIBORNE PARISH, LA

| | | |
|---|---|---|
| DAVID NEWELL | : | NUMBER 38630 |
| VERSUS | : | 2ND JUDICIAL DISTRICT COURT |
| CONTINENTAL CASUALTY COMPANY, A DIVISION OF CNA | : | CLAIBORNE PARISH, LOUISIANA |

## PETITION

NOW INTO COURT, through undersigned counsel, comes DAVID NEWELL (hereinafter "Newell" or "plaintiff"), an adult resident and domiciliary of Claiborne Parish, State of Louisiana, who respectfully pleads the following cause of action:

1.

Made defendant herein is Continental Casualty Company, A Division of CNA (hereinafter "CNA"), a foreign insurance company, licensed to and actually doing business in Louisiana.

2.

Jurisdiction and venue are proper in this court as plaintiff is a domiciliary of Claiborne Parish, and the insurance policy at issue was issued for coverage in Claiborne Parish.

3.

Newell is the sole shareholder in, as well as a practicing attorney in the Newell Law Firm, APLC, a law firm whose principal place of business is in Claiborne Parish.

4.

CNA issued a Lawyers Professional Liability Policy number 287157013 to the Newell Law Firm, APLC, with an effective date of July 12, 2008 through July 12, 2009 (hereinafter "the Policy"), with Newell being specifically listed as a "covered attorney" in the policy.

5.

The "Supplementary Payments Provision" of the Policy provides, in pertinent part,

38630

that the CNA "will pay, in addition to the applicable limit of liability: up to $10,000 for any insured and in the aggregate, for attorney fees and other reasonable costs, expenses or fees (the "disciplinary fees") resulting from a Disciplinary Proceeding, notice of which is both first received by the insured and reported to the company during the policy period, arising out of an act or omission in the rendering of legal services by such insured."

6.

The "Supplementary Payments Provision" of the Policy further provides that if a no liability determination is made as to the insured in any such Disciplinary Proceeding, CNA will reimburse the insured up to $100,000 for attorneys fees incurred during the defense of the Disciplinary Proceeding.

7.

The Policy defines "Disciplinary Proceeding" in Section III (F) to mean "any proceeding before a state or federal licensing board or a peer review committee to investigate charges alleging professional misconduct.

8.

On April 16, 2009, within the above-referenced term of the Policy, the Office of Disciplinary Counsel filed charges (seven charges by five separate individuals) against Newell before the Louisiana Attorney Disciplinary Board for alleged actions/inactions which occurred over the time period of 2003-2006.

9.

Newell contends that the actions complained of in the charges filed by the Office of Disciplinary Counsel do not fall below the standard of care of an attorney, and he desires to defend himself vigorously against these baseless charges. To that end, Newell has retained the undersigned counsel to represent him.

2

38630

10.

On June 5, 2009, within the above-stated term of the Policy, Newell advised CNA, through its authorized agent, Gilsbar, Inc., that charges had been filed against him, that he had retained undersigned counsel to represent him, and that he was requesting payment of fees for same as provided for in the "Supplementary Payments Provision" of the Policy.

11.

On June 11, 2009, within the above-referenced term of the Policy, CNA acknowledged in writing receipt of Newell's letter requesting coverage under the "Supplementary Payments Provision" of the Policy.

12.

On July 29, 2009, a CNA representative advised Newell that it would **not** pay for the legal fees he incurs in defense of this Disciplinary Proceeding under the Policy.

13.

In a letter dated July 29, 2009, but received August 6, 2009, CNA formally denied coverage to Newell in writing. In its denial, CNA acknowledged that coverage for the Disciplinary Proceeding fell within the "Supplemental Payments Provision" and not the general insuring agreement of the Policy.

14.

CNA nonetheless denied coverage, based upon its erroneous factual determination that the "Disciplinary Proceeding" somehow commenced prior to the Office of Disciplinary Counsel filing formal charges against Newell in April, 2009.

15.

CNA erroneously asserted that Newell had acknowledged receiving the "Disciplinary Proceeding" at issue in 2003, 2004 and 2006 and denied coverage erroneously claiming that the "Disciplinary Proceeding" was neither received nor

3

38630

reported during the Policy term.

16.

CNA's interpretation of its policy and the commencement of a "Disciplinary Proceeding" as defined in the Policy itself is arbitrary, capricious, and without probable cause or justification.

17.

The only time limitation in the Policy regarding "Disciplinary Proceedings" is that notice of the proceeding be received by the insured and reported to the CNA within the policy period. Both of those occurred within the applicable Policy period.

18.

There are no other limitations within the Supplementary Payments provision, or any definitions related thereto, regarding the timing of the legal services that are the subject of a Disciplinary Proceeding.

19.

Prior to the Office of Disciplinary Counsel filing formal charges with the Louisiana Attorney Disciplinary Board, there was no pending "Disciplinary Proceeding" as that term is defined in the Policy, hence nothing to report under the terms of the Policy.

20.

Neither the receipt of a complaint by the Office of Disciplinary Counsel nor the screening, review, nor investigation of that complaint by the Disciplinary Counsel is a "proceeding" before a "board" or a "peer review committee" as set forth in the Policy.

21.

The Office of Disciplinary Counsel must file charges with the Louisiana Attorney Disciplinary Board before the matter can be scheduled for a trial on the merits before a

4

38630

Hearing Committee of the Disciplinary Board. The Hearing Committee of the Louisiana Attorney Disciplinary Board then submits its written findings of fact, conclusions of law, and recommendations for any proposed discipline to the Adjudicative Committee of the Louisiana Attorney Disciplinary Board. The Adjudicative Committee of the Board then reviews the Hearing Committee recommendations and record and prepares its own findings and recommendations for proposed discipline which is filed with the Louisiana Supreme Court for final decision regarding any discipline.

22.

Thus, until formal charges are filed by with the Louisiana Attorney Disciplinary Board, there simply is not a "Disciplinary Proceeding" that is pending for purposes of the Policy.

23.

On July 31, 2009, undersigned counsel's office notified CNA in writing that Notice of the Disciplinary Proceeding was both received (April, 2009) and reported (June, 2009) to CNA within the Policy period (July, 2008 through July, 2009) and provided CNA with another copy of the charges to once again prove beyond dispute that the "Disciplinary Proceeding" was initiated in April of 2009.

24.

In the July 31, 2009 letter, undersigned counsel's office requested that CNA advise in writing of its final decision regarding coverage on or before August 10, 2009, which was sixty days from the date CNA acknowledged receipt of Newell's initial claim. CNA was further informed in that same letter that if no response was received by this date, suit would be filed seeking coverage and penalties for failure to provide coverage.

25.

CNA acknowledged receiving the undersigned's July 31, 2009 letter on August 4,

5

38630

2009, and advised that it would provide Newell with a final decision on coverage.

26.

August 10, 2009 has passed, and CNA has failed to reverse its prior coverage decision.

27.

More than sixty days have elapsed since Newell advised CNA that a "Disciplinary Proceeding" had been filed against him within the term of the Policy, and CNA has refused and failed to abide by its obligations under the Policy.

28.

Newell has incurred legal fees and expenses already, and those expenses shall soon exceed the $10,000 limits of the Policy.

29.

Newell is entitled to judgment declaring that coverage is available to him under the "Supplementary Payments Provision" of the Policy for the Disciplinary Proceeding filed against him on April 16, 2009 and reported to CNA on or about June 5, 2009.

30.

Newell is also entitled to a monetary judgment against CNA for $10,000 as set forth in the Supplementary Payment Provision of the Policy for legal fees and expenses that he has incurred in defending this "Disciplinary Proceeding."

31.

Newell's right to future monetary relief against CNA should be reserved should a finding of no liability be determined in the Disciplinary Proceeding and should CNA deny its obligations resulting therefrom.

32.

CNA's action in denying coverage to Newell is arbitrary, capricious, and without

6

38630

probable cause or justification and therefore violative of Louisiana Revised Statutes 22:1892 and 22:1973.

33.

CNA's misrepresentations regarding the facts and coverage to Newell in its letter denying coverage is a further violation of Louisiana Revised Statute 22:1973.

34.

Thus, Newell is also entitled to penalties under Louisiana Revised Statutes 22:1892 and 22:1973 and attorneys fees.

WHEREFORE, DAVID NEWELL PRAYS that this petition be after citation issue and service be had on the Defendant in accordance with law and, after all legal delays and due proceedings have been had, there be judgment herein favor of DAVID NEWELL and against Continental Casualty Company, A Division of CNA as follows:

1) Declaring that coverage is available to him under the Supplementary Payment Provision for the Disciplinary Proceeding filed against him on April 16, 2009;

2) Monetary judgment against defendant and in plaintiff's favor in the amount of $10,000 representing the benefits currently owed to plaintiff under the Supplementary Payment Provision of the Policy at issue;

3) Monetary judgment against defendant, and in plaintiff's favor, awarding penalties and attorneys fees for violation of Louisiana Revised Statutes 22:1892 and 22:1973;

4) Judgment assessing defendant with all costs of this proceeding; and

5) Reserving unto plaintiff right the right to seek future monetary relief against CNA should a finding of no liability be determined in the Disciplinary Proceeding and should CNA deny its obligations resulting

38630

therefrom.

DAVID NEWELL FURTHER PRAYS for all general and equitable relief to which he may be entitled under the circumstances.

Respectfully submitted,

COLVIN LAW FIRM

By: _____
James H. Colvin, Bar Roll No. 21532
Pamela N. Breedlove, Bar Roll No. 21773
415 Texas Street, Suite 300
One Texas Centre Building
Shreveport, La 71101
P.O. Box 1831
Shreveport, LA 71166-1831
Telephone  : (318) 429-6770
Facsimile  : (318) 429-6771
ATTORNEYS FOR DAVID NEWELL

PLEASE SERVE:
CONTINENTAL CASUALTY COMPANY, A DIVISION OF CNA
Through its registered agent for service of process
Louisiana Secretary of State
8585 Archives Ave.
Baton Rouge, LA 70809

State of Louisiana,
Parish of Claiborne
I hereby certify that the above and foregoing is a true, correct and complete copy of the original on file in my office.
Given officially this AUG 1 8 2009   19____
JAMES PATRICK GLADNEY, Clerk of Court,
Claiborne Parish, Louisiana

By: _____
SHANNON T. ZACHARY, Deputy Clerk

8

38630